**LOWENSTEIN SANDLER LLP**
Philip J. Gross, Esq. (NY Bar No. 4713517)
(*pro hac vice* pending)
One Lowenstein Drive
Roseland, NJ 07068
(973) 597-2500 (Telephone)
E-mail: pgross@lowenstein.com

-and-

Keara M. Waldron, Esq. (NY Bar No. 524815)
(*pro hac vice* pending)
1251 Avenue of the Americas, 17th Floor
New York, NY 10020
(212) 262-6700 (Telephone)
E-mail: kwaldron@lowenstein.com

*Counsel to Abraxis Bioscience, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROCHESTER DRUG CO-OPERATIVE, INC.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 20-20230 (PRW) |
| Advisory Trust Group, LLC, as Trustee of the RDC Liquidating Trust,<br><br>　　　　　Plaintiff,<br>v.<br><br>Abraxis Bioscience, Inc.,<br><br>　　　　　Defendant. | Adv. Proc. No. 2-22-02060 (PRW) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIMS

Defendant Abraxis Bioscience, Inc. ("Abraxis"), by and through its undersigned counsel, states for its answer (the "Answer") and affirmative defenses to the *Complaint for Avoidance and*

*Recovery of Preferential Transfers and Objection to Claims* (the "Complaint") filed by the RDC Liquidating Trust, through its trustee Advisory Trust Group, LLC ("Plaintiff") as successor in interest to Rochester Drug Co-Operative, Inc. (the "Debtor" or "RDC"), as follows:

## NATURE OF THE ACTION

1. Defendant admits that the Plaintiff generally seeks the relief described within paragraph 1 of the Complaint, but Defendant contends that the relief sought by the Plaintiff in the Complaint, including that the alleged Transfers (as defined below) are avoidable and recoverable, should be denied in its entirety.

2. Defendant admits that the Plaintiff generally seeks the relief described within paragraph 2 of the Complaint, but Defendant contends that the relief sought by the Plaintiff in the Complaint should be denied in its entirety. With respect to the Plaintiff's reservation of rights set forth in the second sentence of paragraph 2, such sentence sets forth legal conclusions and questions of law to which no response is required. Defendant further reserves all rights with respect to any right the Plaintiff may have to object to any claim filed by the Defendant against the Debtor is subject in its entirety to title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Procedure for the Western District of New York (the "Local Rules"), as applicable, any orders of the Court, any relevant provisions of the Debtor's *Second Amended Chapter 11 Plan of Liquidation* (the "Plan"), or other applicable law or rule(s).

## THE PARTIES

3. Paragraph 3 of the Complaint sets forth certain legal conclusions and questions of law to which no response is required. The Debtor's Plan and related documents are legal documents that speak for themselves. Furthermore, Defendant is without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies same.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. With respect to paragraph 8 of the Complaint, Defendant admits that the Plaintiff consents to the entry of final orders or judgments by the Court, but denies that Plaintiff is entitled to such relief. Plaintiff further denies that Rule 7008-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules") is applicable to the above-captioned adversary proceeding (the "Adversary Proceeding") as this proceeding is pending in the United States Bankruptcy Court for the Western District of New York.[1]

9. Defendant admits the allegations in paragraph 9 of the Complaint.

## BASIS FOR RELIEF REQUESTED

10. Defendant admits that the Plaintiff requests relief in the Complaint and Adversary Proceeding pursuant to Bankruptcy Rules 3007 and 7001(1) and sections 502, 547 and 550 of the Bankruptcy Code, but Defendant denies that the Plaintiff is entitled to the requested relief under any of the aforementioned rules and sections.

---

[1] Pursuant to Bankruptcy Rule 7008, the Defendant consents to the entry of final orders or judgments of this Court in this Adversary Proceeding.

-3-
Case 2-22-02060-PRW, Doc 16, Filed 06/14/22, Entered 06/14/22 17:58:12, Description: Main Document , Page 3 of 14

## PROCEDURAL BACKGROUND

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits that it did not file a proof of claim against the Debtor or its estate. Defendant further admits that the Debtor scheduled a claim for the benefit of Defendant in the amount of $30,385.11. With respect to the remaining allegations contained in paragraph 12, Defendant is without sufficient knowledge or information to form a belief as to the truth of such allegations, and, therefore, denies same.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint sets forth legal conclusions and questions of law to which no response is required. The Confirmation Order, the RDC Plan, and the Liquidating Trust Agreement and Declaration of Trust are legal documents that speak for themselves. To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Paragraph 16 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and, therefore, denies the same.

## FACTUAL BACKGROUND

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and, therefore, denies same; however, Defendant admits that it did receive payments from the Debtor during the Preference Period (as defined in the Complaint).

18. Defendant admits that, during the Preference Period, it sold goods in the form of pharmaceutical products to the Debtor in the ordinary course of the Defendant's and Debtor's respective businesses and that such sales were governed by certain purchase orders, invoices, and/or other documents and communications (the "Abraxis Agreements"). The Abraxis Agreements are legal documents, which speak for themselves.

19. Defendant admits that it received certain payments from the Debtor from time to time, including during the Preference Period, for pharmaceutical products sold by the Defendant to the Debtor in the ordinary course of the Defendant's and Debtor's respective businesses. The second sentence of paragraph 19 sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in such second sentence of paragraph 19 and, therefore, denies same. Defendant denies the remaining allegations contained in paragraph 19 of the Complaint, including that the particular Transfers set forth on Exhibit A to the Complaint accurately reflect the details regarding each payment received by Defendant from the Debtor during the Preference Period.

20. Paragraph 20 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, therefore, denies the same.

21. Defendant states that it was paid an aggregate of $304,540.21 from the Debtor during the Preference Period.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies the same.

23. Defendant admits that the Plaintiff generally seeks the relief described in paragraph 23 of the Complaint, but Defendant contends that the relief sought should be denied in its entirety.

24. Defendant states that while Plaintiff indicates that it sent a demand letter to Defendant in or about June 2021, Defendant only received a demand letter from Plaintiff dated August 3, 2021 (the "Demand Letter"). The Demand Letter is a document that speaks for itself and failed to contain any recitation or analysis concerning Plaintiff's due diligence requirement set forth in 11 U.S.C. § 547(c), including (but not limited to) the failure to (i) provide any subsequent new value credit to Defendant, and (ii) consider the Defendant's other known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c). Defendant admits that, subsequent to the receipt of the Demand Letter, at some point in October 2021, Defendant provided Plaintiff with information and documentation related to Defendant's ordinary course of business and subsequent new value defenses. Defendant further states that Plaintiff failed to provide Defendant with (and failed to include in the Complaint) any credit for its subsequent new value and/or ordinary course of business defenses and instead brought suit to recover the gross amount of the Transfers. Defendant further states that since the filing of the Complaint, Defendant has engaged in good faith discussions with Plaintiff's counsel concerning the affirmative defenses to the claims in the Complaint and a potential consensual resolution of such claims. Defendant denies all other allegations contained in paragraph 24 of the Complaint, including any allegation set forth in this or subsequent paragraphs that Plaintiff complied with its due diligence requirement pursuant to 11 U.S.C. § 547(c).

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 concerning the Plaintiff's own due diligence evaluation and subjective determinations, and, therefore, Defendant denies the same. To the extent

the allegations contained in paragraph 25 form the alleged basis, in part, that Plaintiff is entitled to the relief sought in the Complaint and/or that Plaintiff satisfied the due diligence requirements pursuant to 11 U.S.C. § 547(c), Defendant denies the same and notes that no subsequent new value credit or credit for any ordinary course of business was provided in the Complaint.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 25 of the Complaint as such allegations deal with something in the future that has not yet occurred and, therefore, Defendant denies same. With respect to the third sentence contained in paragraph 25, Defendant asserts that Plaintiff's rights to modify the Complaint in any manner are subject in all respects to the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Local Rules, and any orders of the Court or other applicable law, and all rights are reserved by Defendant to the extent Plaintiffs seeks to modify the Complaint in the future.

### **FIRST CLAIM FOR RELIEF**

**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

27. Defendant realleges and incorporates all preceding paragraphs in this Answer as if fully set forth herein, to the extent they are not inconsistent with Defendant's responses contained in this First Claim for Relief section of this Answer.

28. Defendant states that it was paid an aggregate of $304,540.21 by the Debtor during the Preference Period. Defendant denies all other allegations in paragraph 28, including that the Transfers reflected in Exhibit A to the Complaint accurately reflect the details regarding each payment received by Defendant from the Debtor during the Preference Period.

29. Defendant states that it was paid an aggregate of $304,540.21 by the Debtor during the Preference Period. The remainder of paragraph 29 sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without

sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29, therefore, denies the same.

30. Defendant states that it sold pharmaceutical products to the Debtor in the ordinary course of the Defendant's and Debtor's respective businesses during the Preference Period. Defendant is without sufficient knowledge or information concerning the Agreement referred to in paragraph 30 and, therefore, denies any allegation with respect to same except to state that any Abraxis Agreement is the best source of information as to its contents and can speak for itself. The remainder of paragraph 30 sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 30 and, therefore, denies the same.

31. Paragraph 31 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and, therefore, denies the same.

32. Paragraph 32 of the Complaint sets forth general legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies the same. Furthermore, Defendant notes that any insolvency presumption is rebuttable.

33. Paragraph 33 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies the same.

34. Paragraph 34 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies the same.

35. Paragraph 35 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies the same.

36. Defendant admits the allegations contained in paragraph 36 of the Complaint but denies that the Plaintiff is entitled to the relief sought in the Complaint or, more specifically, to a return of any of the Transfers from Defendant to Plaintiff.

37. Paragraph 37 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 37 and contends that the First Claim for Relief in the Complaint seeking an order and judgment pursuant to 11 U.S.C. § 547 should be denied in its entirety.

## SECOND CLAIM FOR RELIEF

**(Recovery of Property -- 11 U.S.C. § 550)**

38. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein, to the extent they are not inconsistent with Defendant's responses contained in this Second Claim for Relief section of this Answer.

39. Paragraph 39 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 41 of the Complaint and contends that the Second Claim for Relief in the Complaint seeking an order and judgment pursuant to 11 U.S.C. § 550 should be denied in its entirety.

### THIRD CLAIM FOR RELIEF

### (Objection to Defendant's Claims--Disallowance Under 11 U.S.C. § 502(d) & (j))

42. Defendant incorporates their responses to all preceding paragraphs as if fully set forth herein, to the extent that they are not inconsistent with Defendant's responses contained in this Third Claim for Relief section of this Answer.

43. Paragraph 43 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 43 of the Complaint except that Defendant states that it was paid an aggregate of $304,540.21 from the Debtor during the Preference Period as noted above in paragraph 21.

44. Paragraph 44 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 44 of the Complaint and states that the Defendant is not liable for any

claim under chapter 5 of the Bankruptcy Code, including section 550, and therefore, Defendant does not have to turn over any of the Transfers received from the Debtor.

45. Paragraph 45 of the Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint sets forth legal conclusions and questions of lawto which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant asserts that any right the Plaintiff may have to object to any claim filed by the Defendant is subject to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court or applicable law or rule(s). Defendant contends that the Third Claim for Relief in the Complaint seeking disallowance of Defendant's claims pursuant to 11 U.S.C. §§ 502(d) and 502(j) should be denied in its entirety.

## PLAINTIFF'S PRAYER FOR RELIEF

With respect to the Plaintiff's prayer for relief, including subparts a, b, and c, Defendant contends that such relief and all relief sought by the Complaint and in the Adversary Proceeding should be denied in the entirety.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

The Defendant alleges the following affirmative or additional defenses to one or more of the claims in the Complaint:

## FIRST DEFENSE

The relief sought by the Plaintiff in the Complaint should be denied to the extent that the Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

The relief sought by the Plaintiff in the Complaint should be barred to the extent called for by the applicable statute of limitations.

## THIRD DEFENSE

The relief sought by the Plaintiff in the Complaint should be barred, in whole or in part, to the extent called for by the doctrine of laches.

## FOURTH DEFENSE

The relief sought by the Plaintiff in the Complaint should be denied to the extent permitted by the doctrine of waiver and/or release.

## FIFTH DEFENSE

The relief sought by the Plaintiff in the Complaint should be barred, in whole or in part, to the extent called for by the doctrines of estoppel (including judicial estoppel and equitable estoppel), issue preclusion, and/or claim preclusion.

## SIXTH DEFENSE

The relief sought by the Plaintiff in the Complaint should be barred under 11 U.S.C. § 547(c)(1) to the extent that the transfers alleged in the Complaint were intended by the Defendant and the Debtor as a contemporaneous exchange for new value and were, in fact, a substantially contemporaneous exchange.

## SEVENTH DEFENSE

The relief sought by the Plaintiff in the Complaint should be barred under 11 U.S.C. § 547(c)(4) to the extent that, after the transfers alleged in the Complaint were made, the Defendant

provided new value that was not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

**EIGHTH DEFENSE**

The relief sought by the Plaintiff in the Complaint should be barred under 11 U.S.C. §547(c)(2) to the extent that the transfers alleged in the Complaint were a payment of debt incurred in the ordinary course of business or financial affairs of the Debtor and the Defendant, and were made (i) according to ordinary business or financial affairs of the Debtor and the Defendant, or (ii) according to ordinary business terms.

**NINTH DEFENSE**

The relief sought in the Complaint should be denied to the extent that the Defendant holds valid rights of recoupment.

**TENTH DEFENSE**

The relief sought in the Complaint should be denied to the extent that the Defendant holds valid rights of setoff.

**ELEVENTH DEFENSE**

The relief sought in the Complaint should be denied to the extent that any avoidance or recovery sought by the Plaintiff would not benefit the Debtor's estate.

**TWELFTH DEFENSE**

The relief sought in the Complaint should be denied on account of the fact that Plaintiff in filing the Complaint failed to take into account Defendant's known or reasonably knowable affirmative defenses, including but not limited to the subsequent new value defense and/or the ordinary course of business defense with respect to which Plaintiff gave Defendant no credit in the Complaint.

## RESERVATION OF RIGHTS

The Defendant reserves all rights to assert additional defenses based upon further investigation and discovery.

**WHEREFORE**, Defendant respectfully requests that the Court enter an order denying all relief sought in the Complaint and grant such other a further relief as is just and appropriate.

Date:   June 14, 2022

Respectfully Submitted,

LOWENSTEIN SANDLER LLP

*/s/ Philip J. Gross*
Philip J. Gross, Esq. (NY Bar No. 4713517)
(*pro hac vice* pending)
One Lowenstein Drive
Roseland, NJ 07068
(973) 597-2500 (Telephone)
E-mail: pgross@lowenstein.com

-and-

Keara M. Waldron, Esq. (NY Bar No. 524815)
(*pro hac vice* pending)
1251 Avenue of the Americas, 17th Floor
New York, NY 10020
(212) 262-6700 (Telephone)
E-mail: kwaldron@lowenstein.com

*Counsel to Abraxis Bioscience, Inc.*