Bradford J. Sandler, Esq. (NY Bar No. 4499877)
Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Jason S. Pomerantz, Esq. (CA Bar No. 157216)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to Plaintiff RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROCHESTER DRUG CO-OPERATIVE, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 20-20230 (PRW) |
| Advisory Trust Group, LLC, as trustee of the RDC LIQUIDATING TRUST,<br><br>Plaintiff,<br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendant. | Adv. Proc. No. 22-02060 (PRW) |

**STIPULATION BY AND BETWEEN THE LIQUIDATING TRUSTEE**
**AND ABRAXIS BIOSCIENCE, INC. REGARDING MEDIATION**
**PROCEDURES AND CONTINUANCE OF RULE 16 CONFERENCE**
**PENDING COMPLETION OF MEDIATION**

This stipulation (the "**Stipulation**") is made and entered into by and between (a) Advisory Trust Group, LLC, in its capacity as the Liquidating Trustee ("**Liquidating Trustee**" or "**Plaintiff**") of the RDC Liquidating Trust, on the one hand, and (b) Abraxis Bioscience, Inc. ("**Abraxis**" or "**Defendant**") on the other hand. For purposes of this Stipulation, the Liquidation

Trustee and Defendant are each a "**Party**" and collectively, the "**Parties**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On March 12, 2020 (the "**Petition Date**"), Rochester Drug Co-operative, Inc. ("**RDC**") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. Prior to filing its chapter 11 case, RDC was a distributor of pharmaceutical drugs.

B. On February 26, 2021, the *Second Amended Chapter 11 Plan of Liquidation* [Docket No. 1145] (the "**Plan**") was confirmed by the Court pursuant to its *Decision and Order and Findings of Fact and Conclusions of Law Confirming Second Amended Chapter 11 Plan of Liquidation* [Docket No. 1256] (the "**Confirmation Order**").

C. Pursuant to the Plan, the Confirmation Order, and that certain Liquidating Trust Agreement and Declaration of Trust (attached to the Plan, the "**Trust Agreement**"), the Liquidating Trustee succeeded to the rights of RDC and retains the exclusive right, power and interest to pursue, commence, prosecute, compromise, settle, and dismiss causes of action belonging to the Debtor, including, without limitation, avoidance actions under sections 502(d), 544, 545, 547, 548, 549, 550, 552(b) or 553 of the Bankruptcy Code.

D. On February 3, 2022, the Liquidating Trustee initiated the above-referenced adversary proceeding (the "**Avoidance Action**") by filing a *Complaint for Avoidance and Recovery of Preferential Transfers and Objection to Claims* ("**Complaint**") against Defendant.

E. On June 14, 2022, Defendant timely responded and filed an Answer to the Complaint.

F. The Parties are familiar with the Court's procedures and policies regarding adversary proceedings, including the Court's standard protocol to issue an *Order Setting Rule 16 Conference* ("**Rule 16 Order**") immediately upon the filing of an Answer. The Court entered a Rule 16 Order prior to the date of this Stipulation (ECF AP 18).

G. The Court has broad discretion to adopt and implement guidelines that will aid in the administration of the Avoidance Action, including the procedures herein (collectively, the "**Mediation Procedures**"). Pursuant to Bankruptcy Code section 105(a) and certain Bankruptcy Rules, including Bankruptcy Rules 7016, 7026, and 9006(b), the Court is authorized to alter timing and to establish streamlined procedures governing the Avoidance Actions brought by the Liquidating Trustee. Bankruptcy Rule 7016(a) authorizes the Court to enter orders for the purpose of:

1) Expediting disposition of the action;
2) Establishing early and continuing control so that the case will not be protracted because of lack of management;
3) Discouraging wasteful pretrial activities;
4) Improving the quality of the trial through more thorough preparation; and
5) Facilitating settlement.

Fed. R. Bankr. P. 7016(a) (incorporating FRCP 16).

H. The Parties have begun settlement discussions and, subject to this Court's approval, wish to schedule and participate in a mediation (the "**Mediation**") and to adopt these Mediation Procedures in order to avoid some of the burden and expense associated with immediate litigation.

## STIPULATION

1. The foregoing recitals are hereby fully incorporated and made an express part of this Stipulation.

2. **Effective Date**. The Stipulation and Mediation Procedures shall be effective only upon entry by the Court of an order approving this Stipulation (the "**Effective Date**").

3. **Suspension of Requirement to Conduct Scheduling Conference**. FRCP 26(f) made applicable pursuant to Bankruptcy Rule 7026, is hereby suspended and deemed not applicable to the Avoidance Action until the Court terminates the suspension of its Rule 16 Order as set forth in paragraph 6 below. Accordingly, the Parties shall not be required to confer

regarding discovery scheduling or submit a written report under FRCP 26(f); and no Party shall be required to appear at an initial pretrial conference unless and until the Court terminates the suspension of its Rule 16 Order after the Mediation or such earlier time as the Court, in the exercise of its discretion, deems appropriate.

4. **Stay of Discovery Pending Completion of Mediation**. The Rule 16 Order is suspended. The Parties' rights and obligations to conduct formal discovery shall be, and hereby are, stayed until the Mediation is concluded or such earlier time as the Court, in the exercise of its discretion, deems appropriate; provided, that the stay of discovery shall in no way preclude Plaintiff and Defendant from informally exchanging documents and information in an attempt to resolve the Avoidance Action in advance of, or during, the Mediation.

5. **Mediation Process**. The Avoidance Action shall be referred to mediation and shall be subject to the following procedures:

    a. Within fifteen (15) days of the Effective Date, the Parties shall jointly select a mediator from the following list of proposed mediators (collectively, the "**Mediators**"): Leslie A. Berkoff, Esq. of Moritt Hock & Hamroff LLP; Ian Connor Bifferato, Esq. of The Bifferato Firm, P.A.; Richard I. Janvey, Esq. of Diamond McCarthy LLP.

    b. Upon notification of selection, the Mediator shall have 5 calendar days to determine whether the Mediator has any conflicts with Plaintiff or Defendant and, in the event of a conflict, shall abstain from acting in the particular Mediation. If the selected Mediator abstains, Defendant will be given another fifteen (15) days to select an alternate Mediator from the list above.

    c. Within fifteen (15) days of the Mediator confirming the absence of conflicts, the Parties and Mediator shall mutually schedule the Mediation date.

d. Unless both Parties and the Mediator agree to an alternative method, at the sole discretion of the Mediator (taking into consideration i) the size of the Avoidance Action to be mediated and ii) the safety and feasibility of in-person meetings at the time of the Mediation) the Mediation shall be conducted either: (1) via a video conferencing service (such as Zoom); or 2) in person. In the event the Mediation is conducted by Zoom, no Party shall record any part of the Mediation session in any manner. The Parties represent and warrant that only the persons to whom the Zoom invitation was sent by the Mediator shall attend and be admitted into the virtual Mediation. The Parties agree to use their best efforts to ensure all participants have the requisite equipment to be connected with video.

e. Fourteen (14) days prior to the scheduled Mediation, Plaintiff and Defendant shall exchange position statements and provide a copy of such statements to the Mediator, which statements may not (unless agreed in writing by both Parties and the Mediator) exceed ten (10) pages double-spaced (exclusive of exhibits and schedules). Unless otherwise directed by the Mediator, the position statements shall be shared by the Parties, except that any Party that has confidential information may share such confidential information solely with the Mediator by way of a separate statement. Position statements shall include a summary of the pre-mediation settlement offers, if any, made by each Party. The Mediator may provide the Parties with further instructions regarding their respective position statements that are not inconsistent with these Mediation Procedures and may request that the Parties provide additional papers, exhibits, and/or a settlement proposal.

f. The Mediator will preside over the Mediation with full authority to determine the nature and order of the Parties' presentations and, with the exception of Rule 408

of the Federal Rules of Evidence, the rules of evidence will not apply. The Mediator may implement additional procedures that are reasonable and practical under the circumstances and that are not inconsistent with the Order or these Mediation Procedures.

g. Plaintiff and Defendant will participate in the Mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. The Mediation shall be attended by a representative of Defendant with full settlement authority, and if Defendant is represented by counsel, its counsel shall attend as an additional participant (not the same as the client representative). Nothing set forth in these Mediation Procedures shall be deemed to permit a corporate entity to represent itself *pro se* or relieve a corporate entity of the requirement to be represented by legal counsel.

h. The fees and costs of the Mediator (the "**Mediation Fee**") shall be paid equally by the Parties on a fixed-fee schedule as set forth below. The Mediator shall earn one-fourth of the Mediation Fee seven (7) days prior to the commencement of the scheduled Mediation (the "**Initial Mediation Fee**"). The remaining balance of the fee shall be deemed earned by the Mediator unless the Parties inform the Mediator at least twenty-four (24) hours prior to the scheduled Mediation that they have reached a settlement and the Mediation will not go forward. Any earned fees by the Mediator, including the Initial Mediation Fee, shall be due and paid by the Parties within ten (10) calendar days after the date of the scheduled Mediation.

    i. Avoidance Action with an amount at issue, net of new value, of less than $50,000: $3,000.00 per case;

    ii. Avoidance Action with an amount at issue, net of new value, equal to or greater than $50,000 and less than $100,000: $4,000 per case;

iii. Avoidance Action with an amount at issue, net of new value, equal to or greater than $100,000 and less than $400,000: $5,000 per case;

iv. Avoidance Action with an amount at issue, net of new value, equal to or greater than $400,000 and less than $1,000,000: $6,000.00 per case; and

v. Avoidance Action with an amount, net of new value, equal to or greater than $1,000,000: $7,000 per case.

i. If the Mediation occurs and is continued for more than one calendar day, fees will be incurred on an agreed upon hourly fee basis (not to exceed $500 per hour) by the Mediator to be paid equally by the Parties.

j. If Defendant has an additional Avoidance Action commenced against affiliates in the RDC bankruptcy case, they may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all such Avoidance Actions.

k. The Mediator may adjourn the Mediation if they determine that an adjournment is in the best interests of the Parties.

l. Each Party agrees to participate in the scheduling of the Mediation in good faith. If the Mediator feels that a Party to the Mediation is not attempting to schedule or resolve the Mediation in good faith, or has failed to comply with the mediation procedures set forth in this Order, the Mediator may terminate the Mediation and file the Mediator's Report (defined below), identifying any instances of alleged bad faith or non-compliance. The Court may thereafter, without need for further motion by any Party and within its sole discretion, schedule a hearing to address such report; and if the Court determines that a Party did not participate in the Mediation in good faith, the Court may consider the imposition of sanctions.

m.  The Mediator and their agents shall have the same immunity as judges and court employees have under federal and state law and common law from liability for any act or omission in connection with the Mediation.  Participants agree that they shall not subpoena the Mediator or the Mediator's records, or seek to compel the testimony of or record production from the Mediator, in any court or other adjudicative proceedings.  Neither the Mediator nor their agents, partners, law firm, or employees (a) are necessary parties in any proceeding related to the Mediation or the subject matter of the Mediation nor (b) shall be liable to any Party for any act or omission in connection with the Mediation conducted pursuant to the Order.  Any documents provided to the Mediator by the Parties may be destroyed or electronically deleted within 30 days after the filing of the Mediator's Report.

n.  All proceedings, discussions, and written materials incident to the Mediation shall be confidential and shall not be reported or be admissible in evidence, nor will anything stated or exchanged during or in connection with the Mediation operate as an admission of liability, wrongdoing, or responsibility.  However, nothing set forth herein shall convert any evidence or information that is otherwise discoverable or admissible to be deemed privileged or confidential merely by its use in the mediation process.

o.  All deadlines pertaining to the Mediation may be extended and/or modified by the Court upon written motion and good cause shown.

p.  After the conclusion of the Mediation (or in the event of adjournment or termination of the Mediation for reasons set forth above), the Mediator shall file with the Court a certificate of completion ("**Mediator's Report**"), which shall be limited to (a) who attended the Mediation, (b) whether each Party complied in

good faith with the mediation-related provisions of this Order, and (c) whether a settlement was reached regarding the Avoidance Action.

6. **<u>Discovery and Trial Scheduling</u>**. The Mediation shall be deemed concluded for all purposes once the Mediator's Report is filed with the Court. In the event that the Avoidance Action is not resolved, Plaintiff's counsel shall contact chambers to request that suspension of the Rule 16 Order be terminated. The Court reserves the right to terminate the mediation if acceptable progress is lacking in the Court's view.

7. Upon activation of the Rule 16 Order, the Parties are obligated to meet and confer regarding initial disclosures and the filing of a discovery plan pursuant to FRCP 26(f), and to appear for a scheduling and settlement conference as required by the Rule 16 Order. After the Rule 16 Order is issued, all deadlines contemplated by the Bankruptcy Rules and the Court shall apply.

[*Remainder of Page Intentionally Left Blank*]

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of any Order approving this Stipulation.

Date: July 1, 2022

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Ilan D. Scharf
Bradford J. Sandler (NY Bar No. 4499877)
Ilan D. Scharf (NY Bar No. 4042107)
Jason S. Pomerantz (CA Bar No. 157216)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Email: bsandler@pszjlaw.com
ischarf@pszjlaw.com
jspomerantz@pszjlaw.com

*Counsel to Plaintiff RDC Liquidating Trust*

Date: June 22, 2022

LOWENSTEIN SANDLER LLP

Philip J. Gross (NY Bar No. 4713517)
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: pgross@lowenstein.com

–and –

Keara M. Waldron (NY Bar No. 524815)
1251 Avenue of the Americas, 17th Floor
New York, NY 10020
Telephone: (212) 262-6700
Email: kwaldron@lowenstein.com

*Counsel to Defendant Abraxis Bioscience, Inc.*

SO ORDERED

DATED: _____, 2022
Rochester, New York

_____
HON. PAUL R. WARREN
United States Bankruptcy Judge